**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

MIDWEST MOTOR SUPPLY CO.,         :
D/B/A KIMBALL MIDWEST         :
4800 ROBERTS ROAD         :   **Case No. 2:22-cv-04049**
COLUMBUS, OH 43228         :
         :   **Judge _____**
      *Plaintiff,*         :
         :
      v.         :
         :
RICH NIETSCH         :
1227 ELM DR.         :
OAKDALE, PA 15071         :
         :
      *Defendant.*         :
         :

## <u>COMPLAINT</u>

NOW COMES PLAINTIFF, Midwest Motor Supply Co. d/b/a Kimball Midwest, ("Kimball Midwest" or "Plaintiff") by and through its undersigned counsel, and for its complaint against Rich Nietsch ("Nietsch") states as follows:

### <u>Nature of the Case</u>

1.    This is an action for injunctive relief and for monetary damages sustained by Kimball Midwest as a proximate result of the wrongful and unlawful conduct of Defendant Nietsch, including: (1) the material breach of the terms of Nietsch's employment agreement; and (2) Nietsch's wrongful disclosure, wrongful use and misappropriation of Kimball Midwest's trade secrets and other confidential business information for his own benefit and gain.

### <u>Jurisdiction, Venue and Parties</u>

2.    Plaintiff is a corporation incorporated under the laws of the state of Ohio, is a citizen of Ohio, and is engaged in the business of selling maintenance, repair, and operations ("MRO")

parts and supplies throughout the United States.

3.      Plaintiff's principal place of business is located at 4800 Roberts Road, Franklin

County, Ohio 43228.

4.      Defendant Nietsch is an individual who, upon information and belief and at all

times relevant hereto, resides in Pennsylvania and is a citizen of the state of Pennsylvania.

5.      This Court's diversity jurisdiction is invoked pursuant to 28 U.S.C. § 1332.

6.      Kimball Midwest and Nietsch have knowingly and voluntarily consented to the

jurisdiction of this Court.

7.      Venue of this action in this court is proper because the Southern District of Ohio

includes Franklin County, and Nietsch and Kimball Midwest agreed and mandated that this

litigation be filed in the state and federal courts for Franklin County, Ohio, and because Franklin

County is the location in which the facts occurred.

### Facts Relating to Defendant Nietsch

8.      Nietsch began his employment at Kimball Midwest on or about August 10, 2015

as an Account Representative. Nietsch's responsibilities and job duties included but were not

limited to: promoting and soliciting the sales of Plaintiff's products in his area; promoting the

products and services of Plaintiff; and generating new customers and servicing existing customers

of Plaintiff.

9.      In connection with his employment with Kimball Midwest, Nietsch obtained and

used, for the purpose of selling and distributing the products of Kimball Midwest, confidential,

proprietary, and trade secret information, including, but not limited to, price books, pricing

strategies, sales catalogs, customer lists and customer information such as customer name,

location, prior sales history, and current year-to-date sales. This information is not readily available

to the general public, nor is it possible for this information to be properly acquired by others. Such information has been developed because of Kimball Midwest's effort and at its expense. Kimball Midwest has taken reasonable measures to guard the confidentiality of this information.

10.     As a condition of employment with Kimball Midwest, Nietsch executed an Employment Agreement with Kimball Midwest (Exhibit A).

11.     Nietsch's Employment Agreement with Kimball Midwest required him to use his best efforts and entire business time to exclusively promote Plaintiff's business and its products. His Employment Agreement with Plaintiff contained post-employment restrictive covenants prohibiting him from certain activities, including, but not limited to, selling, directly or indirectly, products competitive with those of Kimball Midwest to certain customers of Kimball Midwest and within certain geographical territories (Ex. A, Employment Agreement, at Exhibit B).

12.     Nietsch's Employment Agreement with Plaintiff also contained confidentiality agreements prohibiting him, both during and after his employment, from disclosing confidential and trade secret information, including, but not limited to, price books, customer lists, usage reports, and other customer information, such as the customer's type of purchases, volume of business, and other such details, to any third parties or competitors. The Employment Agreement also required the immediate return of all such confidential and trade secret information upon termination of employment with Kimball Midwest.

13.     On or about January 24, 2022, Nietsch resigned from employment with Plaintiff.

14.     After resignation of employment with Plaintiff, Nietsch commenced employment with MRO Systems Inc. ("MROS"), whereby Nietsch, upon information and belief, is responsible for the sales and marketing of MRO parts for MROS within the same or similar geographic territory and to the same customers for which Nietsch was responsible while employed with

Plaintiff.

15.     At all times relevant hereto, MROS has been engaged in the marketing, sale and distribution of MRO parts in the same geographic area Nietsch serviced on behalf of Kimball Midwest.

16.     Upon information and belief, after commencing his employment at MROS, Nietsch divulged confidential customer information belonging to Kimball Midwest to others at MROS and, on behalf of MROS, called upon, in an effort to solicit, take away, and make sales to Kimball Midwest's customers who were serviced by Nietsch while employed with Kimball Midwest.

17.     Such activities by Nietsch are a violation of the confidentiality and non-disclosure obligations in the Employment Agreement, which precludes Nietsch from assisting anyone in selling or attempting to sell competitive products to customers to whom he sold products while employed at Kimball Midwest.

18.     Nietsch has further retained, used and disclosed pricing information, customer lists, contact information, purchase history and other proprietary information that constitutes trade secrets and confidential information of Kimball Midwest.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

19.     Plaintiff incorporates the allegations of all of the foregoing paragraphs of this pleading as if fully restated herein.

20.     Defendant Nietsch has materially breached and is continuing to breach the binding contractual obligations -- owed by him to Plaintiff -- to refrain from soliciting, taking away and selling competitive products to Kimball Midwest's customers during the term of employment and for the two-year period following the end of employment with Plaintiff.

21.     Upon information and belief, Nietsch has also materially breached and is

continuing to breach his obligations to Plaintiff under the Employment Agreement to refrain from the wrongful possession/use and disclosure of Kimball Midwest's trade secrets and confidential business information.

22.     Plaintiff has been damaged by the conduct of Nietsch breach of the Employment Agreement, as of the filing of this Complaint, in an amount that exceeds $75,000.

**SECOND CAUSE OF ACTION**
**(Misappropriation of Trade Secrets)**

23.     Plaintiff incorporates the allegations of all of the foregoing paragraphs of this pleading as if fully restated herein.

24.     During his employment with Plaintiff, Nietsch earned confidential information and other proprietary information relating to Kimball Midwest and its customers including, but not limited to, trade secrets as described in R.C. 1333.61, *et. seq*.

25.     Nietsch knew or should have known that he were under a duty to maintain the secrecy and confidentiality of this information, which duty was to continue after the termination of his employment with Plaintiff.

26.     Nietsch agreed not to use or disclose any trade secret information of Kimball Midwest.

27.     Trade secret information is of economic value to Plaintiff because it is not readily ascertainable by proper means by other persons and is the subject of efforts by Plaintiff to maintain its secrecy.

28.     Nietsch, upon information and belief, has retained and utilized valuable trade secret information notwithstanding the fact that Nietsch agreed in writing to return Kimball Midwest's trade secret information upon termination of his employment.

29.     After Nietsch's employment with Plaintiff ended, Nietsch used the confidential and

5

trade secret information of Kimball Midwest without express or implied authority and in violation of his obligations under his employment agreement, which obligations inure to the benefit of Plaintiff.

30.     Kimball Midwest undertook and continues to undertake substantial efforts to maintain the secrecy of its trade secrets.

31.     Kimball Midwest will suffer substantial, immediate, and irreparable harm and damages unless Nietsch is enjoined from using such trade secrets and confidential business information. In addition, Nietsch has caused or will cause Kimball Midwest damages in an amount to be determined at trial.

32.     Plaintiff has been damaged by Defendant's wrongful conduct and actions, in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1.     That the Employment Agreement between Plaintiff and Nietsch, including the non-solicitation provision, be specifically enforced against Nietsch for at least a two-year period commencing with this Court's Order;

2.     That Nietsch be enjoined, both in the form of a preliminary injunction and in a permanent injunction, from the solicitation, sales, contact or doing business with any customers to whom Nietsch made one or more sales within the last twelve months of his last date of employment with Plaintiff;

3.     That Plaintiff be awarded compensatory damages, punitive damages and other monetary relief for the damages caused by Nietsch's breach of contract and misappropriation of Plaintiff's trade secrets, in an amount in excess of $75,000;

6

4.      That Plaintiff be awarded a preliminary injunction and permanent injunction against Nietsch's wrongful conduct; and

5.      That Plaintiff be granted such other and further relief as the Court deems just and proper.

Dated November 16, 2022

Respectfully submitted,

**BAILEY CAVALIERI, L.L.C.**

*/s/ Christopher B. Burch*
John F. Marsh (0065345)
Christopher B. Burch (0087852)
10 W. Broad Street, Suite 2100
Columbus, OH 43215
Telephone: (614) 221-3155
Facsimile: (614) 221-0479
Email: jmarsh@baileycav.com
cburch@baileycav.com

*Attorneys for Plaintiff Midwest Motor Supply Co.*
*d/b/a Kimball Midwest*

7