UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Midwest Motor Supply Co., *doing business as* Kimball Midwest,

    **Plaintiff,**

  **v.**

Rich Nietsch, *et al.*,

    **Defendants.**

Case No. 2:22-cv-4049

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Rich Nietsch, Joe Carroll, Chad Davis, Daniel Hayes, Rick Kirkpatrick, Cliff Sachs, Bill Hoeftmann, Pamela Schrader, and Sean Patrick (collectively, "Former Employee Defendants"), MRO Systems ("MROS"), and Robert Sapio ("Sapio," collectively with MROS and Former Employee Defendants, "Defendants") move to dismiss Midwest Motor Supply Co.'s ("Plaintiff") Second Amended Complaint. Mot., ECF Nos. 15 & 38.[1] For the following reasons, Sean Patrick's motion is **DENIED**; all other Defendants' motion is **GRANTED IN PART** and **DENIED IN PART.**

As a preliminary matter, Plaintiff seeks leave to file a sur-reply, ECF No. 52. The motion is **DENIED.** Plaintiff argues that it recently hired new counsel and that its new counsel can provide the Court with a more thorough analysis of

---

[1] Defendant Sean Patrick filed a separate motion to dismiss with largely the same arguments as the other Former Employee Defendants. ECF No. 38.

the issues. Although that argument may be true, a party is not entitled to a second bite at the apple simply because it acquires new counsel. In addition, Plaintiff will suffer no real prejudice from any alleged poor lawyering. Although the Court dismisses some of Plaintiff's claims, the dismissal is without prejudice. Plaintiff's new attorney may move for leave to amend the Complaint. Thus, the Court will not consider the proposed sur-reply.

## I. FACTS

Plaintiff is an Ohio corporation that sells maintenance, repair, and operations parts and supplies throughout the United States. Sec. Amend. Compl. ¶ 1, ECF No. 7.[2] Former Employee Defendants worked in Plaintiff's sales department. *Id.* ¶¶ 17, 28, 40, 52, 64, 76, 88, 100, 112. Former Employee Defendants signed employment agreements with noncompete and confidentiality provisions. *Id.* ¶¶ 20–21, 31–32, 43–44, 55–56, 67–68, 79–80, 91–92, 103–04, 115–16. At various times, Former Employee Defendants resigned from Plaintiff and, at some point following their resignations, began working at MROS, one of Plaintiff's competitors. *Id.* ¶¶ 22–24, 33–36, 45–48, 57–60, 69–72, 81–84, 93–96, 105–08, 117–20. Defendant Richard Sapio is MROS's owner or authorized representative. *Id.* at p. 3.

Based on these allegations, Plaintiff asserts various claims against all Defendants, including claims for breach of contract and misappropriation of trade

---

[2] Throughout this Opinion and Order, the Court uses the paragraph numbers that begin under "Jurisdiction, Venue, and Parties" on page 3 of the Second Amended Complaint.

secrets. *Id.* ¶¶ 123–65. Defendants move to dismiss all claims against them for lack of personal jurisdiction. Mot., ECF Nos. 15 & 38.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to raise the defense of lack of personal jurisdiction by motion. Fed. R. Civ. P. 12(b)(2). If the Court rules on a Rule 12(b)(2) motion before trial, "it has the discretion to adopt any of the following courses of action: (1) determine the motions based on affidavits alone; (2) permit discovery, which would aid in resolution of the motion; or (3) conduct an evidentiary hearing on the merits of the motion." *Intera Corp. v. Henderson*, 428 F.3d 605, 614 n.7 (6th Cir. 2005) (citation omitted).

## III. ANALYSIS

For specific jurisdiction—the only type of personal jurisdiction at issue here—the relevant Due Process inquiry is "whether the facts of the case demonstrate that the non-resident defendant possesses such minimum contacts with the forum state that the exercise of jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991) (quoting *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945)).[3]

---

[3] Previously, the Court would have to consider whether exercising personal jurisdiction over a defendant was proper under Ohio's long-arm statute and under the Due Process Clause. However, after a 2020 revision, Ohio's long-arm statute became coextensive to the limits of the federal Due Process Clause. Ohio Rev. Code § 2307.382(C). Thus, if the Court finds that it has personal jurisdiction over Defendants under the federal Due Process Clause, it will also have personal jurisdiction over Defendants under Ohio's long-arm statute.

The Sixth Circuit has established a three-part test to determine whether specific personal jurisdiction exists over a non-resident defendant:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Air Prod. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007) (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). As the Sixth Circuit has explained, this test is "based on existing Supreme Court jurisprudence on personal jurisdiction, primarily *International Shoe*." *Air Prod. & Controls, Inc.*, 503 F.3d at 550. The approach "simply applies in a specific fashion the broad rule requiring substantial minimum contacts as a basis for jurisdiction." *Id.* (internal quotation marks and citations omitted).

As a rule, "[p]ersonal jurisdiction must be analyzed and established over each defendant independently." *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 904 (6th Cir. 2006) (citation omitted). Here, however, Plaintiff's allegations against all Former Employee Defendants are nearly identical. *See generally*, Sec. Amend. Compl., ECF No. 7. So, if the Court analyzed personal jurisdiction separately for each Former Employee Defendant, it would repeat itself almost verbatim for each Defendant. Thus, this case is a rare instance where it is

appropriate to analyze personal jurisdiction over Former Employee Defendants as a group. *See Smal & Partners UK Ltd. v. Podhurst Orseck P.A.*, No. CIV. 11-5260 JLL, 2012 WL 1108560, at *3 (D. N.J. Mar. 2, 2012), *report and recommendation adopted*, No. CIV.A. 11-05260 JLL, 2012 WL 1107727 (D. N.J. Apr. 2, 2012) (acknowledging that, as a rule, "a court analyzes specific personal jurisdiction on a defendant-by-defendant" basis but observing that "[c]ertain situations, however, may allow a court to assess defendants together" (citing cases)).[4]

## A.    Sapio

Defendants argue the Court lacks personal jurisdiction over Sapio because Plaintiff cannot satisfy the purposeful availment prong. The Court agrees.

"Purposeful availment" is the "constitutional touchstone" of personal jurisdiction and is present when the defendant's conduct and connection with the forum are such that he "should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Id*. at 475 (internal citations omitted).

---

[4] For the same reason, the Court may consider personal jurisdiction as to all claims together. *Smal*, 2012 WL 1108560, at *3.

The "'purposeful availment' requirement is satisfied when a defendant's contacts with the forum state 'proximately result' from actions by the defendant *himself* that create a 'substantial connection' with the forum State." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996) (quoting *Burger King*, 471 U.S. at 475) (emphasis in original). The quality and nature of the defendant's contacts are crucial to the determination of purposeful availment. *See Burger King*, 471 U.S. at 475 (citation omitted). However, "physical presence in a forum state is not required." *Air Prod. & Controls, Inc.*, 503 F.3d at 551.

Plaintiff argues that Sapio purposefully availed himself of Ohio because he caused an injury to Plaintiff here. Resp., ECF No. 17. Specifically, Plaintiff asserts that MROS, through Sapio, hired Former Employee Defendants, misappropriated Plaintiff's confidential information, and "intentionally procured" Former Employee Defendants' "breach of their employment agreements," and that Plaintiff, while in Ohio, experienced the consequences of these alleged wrongdoings. *Id.*

At one time, causing a foreseeable injury in the forum state could satisfy the purposeful availment prong. *See, e.g.*, *Safety Today, Inc. v. Roy*, No. 2:12-CV-510, 2012 WL 2374984, at *3 (S.D. Ohio June 22, 2012) ("Defendants have purposefully availed themselves of Ohio by causing a consequence here[.]"). In *Walden v. Fiore*, however, a unanimous Supreme Court explained that "mere injury to a forum resident is not a sufficient connection to the forum" to satisfy

purposeful availment. 571 U.S. 277, 290 (2014). That is, the "proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.*

Here, Plaintiff argues only that Sapio caused injury to Plaintiff, a forum resident. Resp. 6–9, ECF No. 17. Plaintiff does not allege that Sapio traveled to Ohio for his alleged wrongdoing, or even communicated with anyone residing in Ohio. *Id.* In other words, the alleged injury to Plaintiff is the "only link" between Sapio and Ohio. *Walden*, 571 U.S. at 285. That cannot establish purposeful availment.

Because Plaintiff cannot satisfy the purposeful availment prong, the Court lacks personal jurisdiction over Sapio. Accordingly, the claims against Sapio are **DISMISSED WITHOUT PREJUDICE**.

**B.    MROS**

Defendants argue the Court lacks personal jurisdiction over MROS, and the Court agrees. MROS has one employee located in Ohio and, according to Plaintiff, is also connected with Ohio because it "caused a consequence" here. Even assuming that having one employee in Ohio could constitute purposeful availment, the "arising from" prong is not met.

Under the "arising from" prong of the specific jurisdiction test, the cause of action must "arise from" the defendant's activities in the forum state. *See Air Prods. Controls Inc.*, 503 F.3d at 553. A cause of action "arises from" a defendant's activities in the state when the "defendant's contacts with the forum

state are related to the operative facts" of the plaintiff's cause of action.

*CompuServe, Inc.*, 89 F.3d at 1267 (citation omitted). Said another way, "in order for a court to exercise specific jurisdiction," there must be "an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State.'" *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 264 (2017) (cleaned up).

None of Plaintiff's causes of action arise from MROS's contacts with Ohio. Plaintiff alleges that MROS "poached" Former Employee Defendants from Plaintiff, that Former Employee Defendants violated their noncompete agreements by working for MROS, and that all Defendants are wrongfully using Plaintiff's confidential information. *See generally*, Sec. Amend. Compl., ECF No. 7. However, Plaintiff does not allege that any of those events occurred in Ohio. *Id*. To the contrary, Plaintiff specifically alleges that Former Employee Defendants are working for MROS in geographical areas *other than* Ohio. *Compare* Employment Agreements, ECF Nos. 2-1–2-8; ECF No. 39-1 *with* Sec. Amend. Compl. ¶¶ 23, 47, 59, 71, 83, 95, 107, 119, ECF No. 7. Nor does Plaintiff allege that MROS's sole Ohio employee had any role in the alleged wrongful events. *See generally*, Sec. Amend. Compl., ECF No. 7. Therefore, there is an insufficient relationship between MROS's Ohio contacts and the underlying controversy such that personal jurisdiction over MROS would be inappropriate. *See Bristol-Myers Squibb Co.*, 582 U.S. at 265 ("What is

needed—and what is missing here—is a connection between the forum and the specific claims at issue.").

Because Plaintiff's causes of action did not "arise from" MROS's conduct in Ohio, the Court lacks personal jurisdiction over MROS. Accordingly, the claims against MROS are **DISMISSED WITHOUT PREJUDICE.**

## C. Former Employee Defendants

Plaintiff argues the Court has personal jurisdiction over Former Employee Defendants because of a forum selection clause in each of Former Employee Defendants' employment agreement. Resp., ECF No. 17; Resp., ECF No. 39. The Court agrees.

The "personal jurisdiction requirement is a waivable right[.]" *Burger King Corp.*, 471 U.S. at 473, n.14. "The use of a forum selection clause is one way in which contracting parties may agree in advance to submit to the jurisdiction of a particular court." *Preferred Cap., Inc. v. Associates in Urology*, 453 F.3d 718, 721 (6th Cir.2006) (citation omitted).

Former Employee Defendants signed employment agreements with the following forum selection clause (the "Clause"):

> This Agreement shall be construes construed in accordance with Ohio Law. The Employee agrees that: (1) Any action brought by the employee or on the Employee's behalf, concerning, relating to or involving this Agreement, or any other Agreements entered into pursuant to this Agreement, must be venued in Franklin County, Ohio; and (2) Any action brought by the Company, or on its behalf, concerning, relating to or involving this Agreement, or any other Agreements entered into pursuant to this Agreement, must be venued

in Franklin County, Ohio.   The parties hereby consent to the
jurisdiction of the state or federal courts in said county.

Patrick Employment Agreement, ECF No. 39-1; *see also* Employment

Agreements, ECF Nos. 2-1–2-8.

As the plain language of the Clause shows, Former Employee Defendants

consented to the (personal) jurisdiction of courts in Franklin County, including this

Court.  Thus, if the Clause is enforceable, the Court has personal jurisdiction

over Former Employee Defendants.

Generally, forum selection clauses are considered "prima facie valid" when

"the parties freely bargained for it."  *Total Quality Logistics, LLC v. DeSantis*, No.

1:18-CV-00796, 2020 WL 605927, at *3 (S.D. Ohio Feb. 7, 2020) (quotation

marks omitted; citing Ohio law).  However, in the employment context, that

"presumption of validity" does not apply, and "other factors must be considered."

*Buckeye Check Cashing of Arizona, Inc. v. Lang*, No. 2:06-CV-792, 2007 WL

641824, at *4 (S.D. Ohio Feb. 23, 2007) (citing Ohio law).

In the employment context, a forum selection clause is enforceable unless

the challenging party shows:

(1) that the clause was the result of fraud or overreaching; (2) that
enforcement would violate a strong public policy of Ohio; and (3) that
enforcement under the particular circumstances of the case would be
so unreasonable as to effectively deprive the challenging party of his
day in court.

*Total Quality Logistics, LLC*, 2020 WL 605927, at *3 (citing cases).  The Court

addresses each of these "*Total Quality* factors," in turn.

## 1. Fraud or Overreaching

Defendants argue the Clause resulted from overreaching. This Court recently explained overreaching as follows:

> Overreaching exists when one party takes unfair commercial advantage of another. Unequal bargaining power by itself does not suffice, nor does the inability to negotiate over the clause. But if the disparity in bargaining power was leveraged by the employer to take advantage of the employee, overreaching may be found.

*Hobsons, Inc. v. Oppelt*, No. 1:20-CV-1004, 2021 WL 540058, at *3 (S.D. Ohio Jan. 12, 2021) (citation omitted).

Factors that may support finding overreaching include: if the employee had to agree to a forum selection clause to keep employment, if the employee could not negotiate terms of employment, if the employee was in a lower-level position (rather than an executive), and if the employee was not informed of all the terms of employment (particularly the forum selection clause) until he had given up other employment. *Buckeye Check Cashing of Arizona, Inc.*, 2007 WL 641824, at *6–7. Courts may also consider whether the employer is based in the forum state. *See Hobsons*, 2021 WL 540058, at *3. "No one factor is determinative." *Buckeye Check Cashing of Arizona, Inc.*, 2007 WL 641824, at *6. Instead, whether there is overreaching turns on the "particular circumstances" of each case. *Id*.

Here, one factor weighs against overreaching: Plaintiff is based in Ohio. *See Hobsons*, 2021 WL 540058, at *3. Two other factors support finding overreaching. Former Employee Defendants were more like lower-level

employees (or, at best, middle management), rather than executives. *See* Sec.
Amend. Compl. ¶¶ 17, 28, 40, 52, 64, 76, 88, 100, 112, ECF No. 7. Additionally,
Former Employee Defendants could not negotiate the terms of their employment
agreement; instead, they had to "take it or leave it." *See* Offer Letters, ECF No.
17-1.

One factor is in dispute. Defendants argue that Plaintiff did not provide the
employment agreement (and, therefore, the Clause) until after all Former
Employee Defendants resigned their prior jobs and started working for Plaintiff,
but Plaintiff disagrees. Suppose the Court agreed with Defendants that they did
not receive the employment agreement until after Former Employee Defendants
resigned their prior jobs and further agreed that, on the whole, the Clause
resulted from overreaching. Even under those circumstances, the Clause would
be enforceable because, as discussed below, Former Employee Defendants
cannot meet the other *Total Quality* factors. As a result, even if Former
Employee Defendants prevailed on the first factor, the Clause would still be
enforceable. *See Barrett v. Picker Internatl., Inc.,* 589 N.E.2d 1372, 1375 (Ohio
Ct. App. Oct. 22, 1990) (finding a forum selection clause enforceable, regardless
of whether it resulted from overreaching, because the other factors favored
enforcement).

### 2. Public Policy

The second prong, whether enforcing the Clause "would violate a strong
Ohio public policy," weighs in Plaintiff's favor. The State of Ohio "has an interest

in providing a local forum for its residents." *Hobsons, Inc.*, 2021 WL 540058, at

*4 (quotation marks and citation omitted). Thus, when the plaintiff is an Ohio

corporation headquartered in Ohio, as Plaintiff is here, enforcing the Clause

"would not violate, but would instead promote, public policy in Ohio." *Id.* (cleaned

up). Accordingly, the second prong favors enforcing the Clause.

### 3.   Reasonableness

When examining the third factor—whether enforcement is unreasonable—

courts consider:

> (1) which law controls the contractual dispute; (2) what residency the
> parties maintain; (3) where the contract will be [or was] executed;
> (4) where the witnesses and parties to the litigation are located; and
> (5) whether the forum's designated location is inconvenient to the
> parties.

*Total Quality Logistics, LLC*, 2020 WL 605927, at *3 (citation omitted). However,

a "finding of unreasonableness or injustice must be based on more than mere

inconvenience to the party seeking to avoid the requirements of the forum

selection clause." *Preferred Capital, Inc.*, 453 F.3d at 722 (citation omitted).

Instead, enforcing a forum selection clause must be so "manifestly and gravely

inconvenient" that the challenging party would "effectively be deprived of a

meaningful day in court." *Id.* at 722–23 (quotation marks and citations omitted).

Begin with the first factor. The parties do not dispute that Ohio law

governs this case. Thus, the first factor favors enforcement.

The remaining factors are neutral. The parties (and likely witnesses) are in

Ohio and several other states. Similarly, the employment contracts were

executed and were to be performed in several different states. Thus, although Ohio may be inconvenient for Plaintiff and some witnesses, any state that might be convenient to one Former Employee Defendant would be inconvenient to other Former Employee Defendants (and to Plaintiff). Accordingly, these factors do not favor unreasonableness. *See Hobsons, Inc.*, 2021 WL 540058, at *4 (concluding a forum selection clause was reasonable when the at-issue contracts would be performed in various locations and no one forum would be convenient for all parties and witnesses).

At bottom, Former Employee Defendants argue little more than "mere inconvenience" and do not offer a forum that would be meaningfully more convenient for the parties. *Preferred Capital, Inc.*, 453 F.3d at 722. Thus, Former Employee Defendants do not point to anything that shows it would be so "manifestly and gravely inconvenient" that they would be deprived of a meaningful day in court. *Preferred Capital, Inc.*, 453 F.3d at 722–23 (cleaned up). Accordingly, it would not be unreasonable to enforce the Clause.

Because the Clause is enforceable, the Court has personal jurisdiction over Former Employee Defendants.

## IV.    MOTION TO DISMISS FOR IMPROPER VENUE

In the alternative, Defendants move to dismiss the case for improper venue. As to Sapio and MROS, the motion is moot because the Court lacks personal jurisdiction over Sapio and MROS. As to Former Employee Defendants, just as they consented to the personal jurisdiction of this Court in

their employment agreements, they also consented to venue here. *See, e.g.*, Patrick Employment Agreement, ECF No. 39-1 (providing that any action related to the agreement must be venued in Franklin County, Ohio). Thus, venue is proper here.

## V.  CONCLUSION

For these reasons, Sean Patrick's motion is **DENIED**; all other Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**. The claims against Sapio and MROS are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction. The claims against the other Defendants may proceed in this forum.

The Clerk shall terminate ECF Nos. 15, 38, & 52.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**