UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MIDWEST MOTOR SUPPLY CO., d/b/a KIMBALL MIDWEST,**

        **Plaintiff,**

  v.

**RICK NIETSCH,** *et al.***,**

        **Defendants.**

Civil Action 2:22-cv-4049
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court on Plaintiff's unopposed motion, as supplemented, seeking leave to file under seal its summary judgment brief and accompanying exhibits (the "Motion to Seal"). (ECF Nos. 109, 111.) For the reasons that follow, Plaintiff's Motion to Seal is **GRANTED in part, DENIED in part, and DENIED in part without prejudice.**

## BACKGROUND

One day before publicly filing a redacted version of its summary judgment materials (ECF No. 114), Plaintiff moved for leave to file under seal (ECF Nos. 109, 111) its unredacted summary judgment brief and certain exhibits designated confidential under a Protective Order (ECF No. 50). Plaintiff submitted charts describing the documents it seeks to file under seal and its rationale for sealing. (ECF Nos. 109, 111.) Upon review, the Court finds that Plaintiff has only partially met its burden for sealing.

## I. LEGAL STANDARD

There is a "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). That strong presumption reflects the public's "strong interest in obtaining the information contained in the court record . . . [including] an interest in ascertaining what evidence and records" a court relies upon for its decisions. *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (quoting *Brown & Williamson*, 710 F.2d at 1180–81). Indeed, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp.*, 825 F.3d at 305 (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)). "A movant's obligation to provide <u>compelling</u> reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed." *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)).

To overcome that strong presumption of openness, a party seeking to seal court records "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). The moving party must therefore "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co., Inc.*, 834 F.3d at 594.

## II. ANALYSIS

### A. Documents That Plaintiff Designated Confidential

Plaintiff's charts indicate that it wishes to file under seal documents that it designated as confidential or attorney's eyes only. Those documents include three declarations; Plaintiff's employment agreements with the Defendants; seven of the Defendants' five-year sales by item; cease-and-desist letters it sent to two of the Defendants; and two deposition transcripts. (ECF No. 109, PageID # 1491–1493; ECF No. 111, PageID # 1502. As explained more fully below, Plaintiff has not fully met its burden for sealing all these documents.

#### 1. The Three Declarations[1]

Plaintiff seeks to file under seal fact and exhibit declarations that contain information about Plaintiff's customers, sales, and pricing and a declaration from Mark C. Zronkek that contains information about Plaintiff's and/or Defendants' customers. This request is **GRANTED in part and DENIED in part without prejudice**.

To the extent the three declarations contain information about customers, sales, and pricing, Plaintiff has demonstrated that it has a compelling interest in sealing them. "Records containing the names of customers or clients are confidential and potentially appropriate for filing under seal." *Pro. Investigating & Consulting Agency, Inc. v. SOS Sec. LLC*, No. 2:19-CV-3304, 2022 WL 16706688, at *2 (S.D. Ohio Nov. 4, 2022) (citing *Total Quality Logistics, LLC*, No. 1:19-CV-23, 2020 WL 5849408, at *2 (S.D. Ohio September 30, 2022)). Documents containing sales information are also sufficiently confidential. *See Lucid Health, Inc. v. Premier Imaging Ventures, LLC*, No. 2:20-CV-1055, 2021 WL 128956, at *2 (S.D. Ohio Jan. 14, 2021)

---

[1] The three declarations are identified in Plaintiff's charts as Exhibits A, B, and C to Plaintiff's Motion for Partial Summary Judgment.

3

(sealing documents containing revenue and sales data). In addition, Plaintiff has a compelling interest in the non-disclosure of its pricing information. *Frechette v. Health Recovery Servs., Inc.*, 2:19-cv-4453, 2023 WL 2236477, at *3 (S.D. Ohio Feb. 27, 2023) (finding a company's pricing information warranted sealing). Courts find that parties have a compelling interest in sealing documents that contain such business information (customers, sales, and pricing) because its disclosure can lead to a competitive disadvantage with third parties. The public also has a limited interest in such business information, especially when it is indirectly related to the outcome of a legal dispute. That appears to be the case here.

On the other hand, Plaintiff also indicates that it wishes to seal the fact and exhibit declarations because they contain information about the "terms and conditions of employment in a highly competitive industry." Parties can, in some instances, show a compelling interest in sealing some types of employment information. For instance, a party might be able to show a compelling interest in sealing salary and compensation structures because its disclosure "could place [a party] at a competitive disadvantage and harm a former employee's privacy rights." *TERA II, LLC v. Rice Drilling D, LLC*, No. 2:19-CV-2221, 2023 WL 8566266, at *2 (S.D. Ohio Dec. 11, 2023) (citing *Young v. Provident Life & Accident Ins. Co.*, No. 2:21-CV-00041, 2023 WL 5837001, at *6 (M.D. Tenn. Mar. 13, 2023) ("Courts generally grant requests to seal information about a company's employee salary and compensation structures.")). But other types of employment information—hours, duties, dates of employment, time off, probationary periods, disciplinary polices, confidentiality agreements, *etc.*—are not proprietary business secrets.

Plaintiff's motion does not describe the type of employment information in the fact and exhibit declarations that it seeks to shield. Therefore, it has not shown that it has a compelling interest in sealing that information and that its interest in sealing it outweighs the public's

4

interest to open access. Moreover, Plaintiff has not indicated how its request to seal any of the three declarations is narrowly tailored.

Accordingly, Plaintiff's request to file under seal the three declarations is **GRANTED in part and DENIED in part without prejudice** subject to the directives below.

2. **Plaintiff's Employment Agreements with Defendants**[2]

Plaintiff also seeks to file under seal employment agreements between it and the Defendants. That request is **DENIED without prejudice**.

As explained, a party may, in some instances, have a compelling interest in sealing certain types of information that might be found in an employment agreement, such as salary and compensation structure. *See TERA II, LLC*, 2023 WL 8566266, at *2. A party may also have a compelling privacy interest that warrants the sealing of personal information that may appear in employment agreements such as email addresses and phone numbers. *JobsOhio v. Nexient, LLC*, No. 2:24-CV-1445, 2024 WL 5365019, at *5 (S.D. Ohio Oct. 22, 2024). But parties generally do not have a compelling interest that warrants the sealing of standard employment agreements with ordinary contractual provisions governing employment relationships. *See Shahid v. Cobb*, No. 1:24-CV-67, 2024 WL 1930841, at *2 (S.D. Ohio May 1, 2024) (sealing not warranted where document was "a standard employment agreement containing details about [the plaintiff's] job responsibilities, compensation, termination of the agreement, confidentiality, restrictive covenants, and arbitration, among other terms"). Nor does Plaintiff explain how disclosure of any of the information in the employment agreements would cause harm such that sealing might be warranted for these specific employment agreements, or the information in them. *See In re*

---

[2] The employment agreements are identified in Plaintiff's charts as Exhibits 1–8 to Plaintiff's Motion for Partial Summary Judgment.

5

*Upstart Holdings, Inc. Sec. Litig.*, No. 2:22-CV-2935, 2025 WL 829778, at *3 (S.D. Ohio Mar. 17, 2025) (sealing not warranted where party failed to explain any concrete harm that might result from disclosure of a four-year old employment agreement). *See also JobsOhio,* 2024 WL 5365019, at *3 (sealing of five-year old services agreement not warranted where party seeking to seal "offer[ed] only conclusory statements as to how it would be harmed" by disclosure).

Plaintiff also claims that Defendants breached restrictive covenants and other provisions of the employment agreements. (ECF No. 114.) Therefore, this is not an instance where the documents at issue appear to have little or no bearing on the issues in a case. Consequently, the public's interest in accessing them is not minimal. *See JobsOhio*, 2024 WL 5365019, at *4 (citing *Schnatter v. 247 Grp., LLC*, 3:20-cv-00003-BJB-CHL, 2020 WL 3066622, at *2 (W.D. Ky. June 9, 2020) (denying in part a motion to seal a contract between parties where "the exhibits are central to the allegations in the Complaint regarding breach of contract")). In addition, even if Plaintiff had established a compelling interest in sealing these documents that outweighed the public's interest, Plaintiff has not indicated how its request to seal is narrowly tailored.

Accordingly, Plaintiff's request to file under seal its employment agreements with Defendants is **DENIED without prejudice**. Nevertheless, those employment agreements might contain personal information that implicates privacy interests, such as addresses and other contact information. If the employment agreements contain such personal information, Plaintiff is to shield that information from disclosure subject to the directives below.

3. **The Five-Year Sales by Item[3]**

Plaintiff additionally seeks to file documents reflecting its information about five-year sales by items for seven of the Defendants, presumably when they were still in Plaintiff's employ. Plaintiff's request to seal these documents is **GRANTED**.

Plaintiff indicates that these documents contain information about Plaintiff's customers, sales, and pricing. Plaintiff has therefore demonstrated that it has a compelling interest in sealing them. *See Pro. Investigating & Consulting Agency, Inc.*, 2022 WL 16706688, at *2; *Lucid Health, Inc.*, 2021 WL 128956, at *2; *Frechette*, 2023 WL 2236477, at *3. The public also has a limited interest in this type of business information, especially because it appears, based on Plaintiff's limited explanations, that this information is indirectly related to the outcome of this matter. Moreover, although Plaintiff does not explain why its request is narrowly tailored, its description of the documents suggests that they are itemized lists which would make redaction of the confidential information impracticable. Accordingly, Plaintiff will be permitted to file under seal unredacted copies of the five-year sales by item.

4. **The Cease-and-Desist Letters[4]**

Next, Plaintiff seeks to file under seal cease-and-desist letters that it sent to two Defendants. Plaintiff indicates that these letters contain information regarding terms and conditions of employment in a highly competitive industry. That request is **DENIED without prejudice**.

---

[3] The five-year sales by item documents are identified in Plaintiff's charts as Exhibits 10–17, 135–138, 140–141 to Plaintiff's Motion for Partial Summary Judgment.

[4] The cease-and-desist letter are identified in Plaintiff's chart as Exhibits 18–19 to Plaintiff's Motion for Partial Summary Judgment.

7

As previously explained, sealing some types of employment information, including salary and compensation structure, can be appropriate in certain circumstances. *See TERA II, LLC*, 2023 WL 8566266, at *2. But other types of ordinary employment terms—hours, duties, dates of employment, time off, probationary periods, disciplinary polices, confidentiality agreements, *etc.*—are not proprietary business secrets. *See Shahid*, 2024 WL 1930841, at *2. Plaintiff does not describe what type of employment information appears in these documents. Accordingly, it has not shown that it has a compelling interest in sealing them.

In addition, although the Court is hampered by Plaintiff's lack of explanation, Plaintiff presumably sent the cease-and-desist letters to Defendants when they allegedly breached restrictive covenants and other provisions of their employment agreements with Plaintiff. (ECF No. 114.) It is, therefore, unclear if these documents only indirectly bear on Plaintiff's claims. Thus, even if Plaintiff had shown that it has a compelling interest in sealing these documents, the Court would be unable to analyze if that interest outweighed the public's interest. Plaintiff also fails to explain how its request is narrowly tailored.

Because the documents are cease-and-desist letters, however, the Court considers that they may contain personal contact information (*e.g.*, addresses, email addresses, phone numbers). If they contain such personal information, Plaintiff is to shield that information from disclosure subject to the directives below.

5. **The Two Deposition Transcripts**[5]

Plaintiff also seeks to file under seal two deposition transcripts because they contain information about Plaintiff's customers, sales, and pricing, and the terms and conditions of

---

[5] The deposition transcripts for Mr. Thompson and Mr. McCurdy are identified in Plaintiff's charts as Exhibits 114 and 116 to Plaintiff's Motion for Partial Summary Judgment.

8

employment in a highly competitive industry. As was the case previously, Plaintiff has shown that it has a compelling interest in sealing business information about its customers, sales, and pricing that outweighs the public's interest in open access. But as also explained, sealing is not appropriate for all types of employment information, and Plaintiff has not described the types of employment information in these documents that it seeks to seal. Moreover, Plaintiff does describe how its request to seal is narrowly tailored. Accordingly, Plaintiff's request to file under seal the three declarations is **GRANTED in part and DENIED in part without prejudice** subject to the directives below.

**B.     Documents That Defendants Designated Confidential**

In addition, Plaintiff seeks to file under seal documents that Defendants designated as confidential or attorney's eyes only. These documents include the Defendants' employment agreements with a third party, MRO;[6] "overlapping invoices" involving six Defendants;[7] and "defendant depositions."[8] (ECF No. 109, PageID # 1491–1493.)

Plaintiff does not appear to have an interest in shielding these documents from disclosure. Rather, it is Defendants, or a third party, MRO, who do. Therefore, it is Defendants' or MROs' burden to meet the *Shane Group* standard. The parties' Stipulated Protective Order anticipated this situation and provides:

> When a party to this Order seeks to file documents which it believes may warrant sealing, but is not the party who may be prejudiced by the document or documents becoming part of the public record, the filing party shall provide the potentially-prejudiced party or parties, or any potentially-prejudiced third party or parties, with

---

[6] Defendants' Employment Agreements with MROS are identified in Plaintiff's charts as Exhibits 29–34 to Plaintiff's Motion for Partial Summary Judgment.

[7] The Overlapping Invoices are identified in Plaintiff's charts as Exhibits 28, 35–54, 55–75, 105, 75–95, 96–99, 100–104, and 127–134 to Plaintiff's Motion for Partial Summary Judgment.

[8] The defendant depositions are identified in Plaintiff's charts as Exhibits 106–113, 115, and 117 to Plaintiff's Motion for Partial Summary Judgement.

9

written notification of its intent to file such documents at least (14) fourteen days before doing so. After being provided such notice, the potentially harmed party or parties will then have (7) seven days to file with the Court a motion for sealing.

(ECF No. 50, PageID # 465.) There is no indication that Plaintiff followed this procedure.

In addition, the parties' indication—that all the documents at issue were designated as confidential under the Stipulated Protective Order—is not compelling. *See Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983) (holding that a "confidentiality agreement between the parties does not bind the court in any way"); *White*, 2017 WL 3537233, at *2 (finding the parties' joint motion to file under seal woefully inadequate where they merely asserted that they decided to keep the terms of their settlement confidential). Indeed, the Protective Order itself expressly states that designation under that Order does not justify filing anything under seal. It provides that "[r]egardless of whether the parties agree, it remains the Court's independent obligation to determine whether a seal is appropriate for any given document or portion thereof. Any proposed sealing, even when compelling reasons exist, must be narrowly tailored to serve the compelling reasons." (ECF No. 50, PageID # 465.)

Therefore, Plaintiff's request to seal these documents is **DENIED**. However, the Court will afford Defendants or any other potentially impacted party, including MRO, an opportunity to submit a properly supported motion for leave to file the documents in question under seal subject to the directives below.

C.  **Plaintiff's Brief in Support of Its Motion for Partial Summary Judgment**

Finally, Plaintiff seeks to file under seal its brief in support of its summary judgment motion because it "incorporate[s] and discuss[es] extensively the various materials identified as 'CONFIDENTIAL' and/or 'ATTORNEYS' EYES ONLY.'" (ECF No. 109, PageID #1490.) But a party's confidential designation is not dispositive. Instead, leave to seal is only permissible when a party has met the *Shane Group* standard.

10

Plaintiff has failed to meet that standard because it has not described with any specificity the types of information in the brief that it seeks to shield from disclosure. Nor has Plaintiff explained how its request—sealing the brief in its entirety—is narrowly tailored. The fact that Plaintiff later filed a redacted version confirms, at the very least, that complete sealing is unnecessary. Accordingly, Plaintiff's request to file under seal its brief is **DENIED without prejudice**.

### III.  CONCLUSION

In summary, Plaintiff's Motion to Seal is **GRANTED in part, DENIED in part, and DENIED in part without prejudice** subject to the following directives.

Plaintiff is **GRANTED** leave to file under seal the documents reflecting five-year sales by item (Exhibits 10–17, 135–138, 140–141).

Plaintiff is additionally **GRANTED** leave to file under seal customer, sales, and pricing information in the three declarations (Exhibits A, B, C) and the deposition transcripts (Exhibits 114, 116). To the extent the employment agreements with Defendants (Exhibits 1–8) and the cease-and desist letters (Exhibits 18–19) contain personal contact information, Plaintiff may also file those documents under seal.

Plaintiff's request to file under seal employment-related information in the three declarations (Exhibits A, B, C); the deposition transcripts (Exhibits 114, 116); the employment agreements with Defendants (Exhibits 1–8); and the cease-and-desist letters (18–19) is **DENIED without prejudice**. The Court will, however, afford Plaintiff an opportunity to submit a properly supported motion to seal the employment-related information in these documents **WITHIN FOURTEEN DAYS** of the date of this Order. If no such motion to seal is filed within this timeframe, Plaintiff shall file unredacted versions of these Exhibits under seal and then file

public copies of them that redact customer, sales, pricing, and personal information only as discussed immediately above. Plaintiff must file the public copies that redact customer, pricing, and personal information only **WITHIN FOURTEEN DAYS** of filing unredacted copies of these documents under seal.

Likewise, Plaintiff's request to file under seal its brief in support of its motion for summary judgment is **DENIED without prejudice**. Again, Plaintiff will be afforded an opportunity to submit a properly supported motion to seal the information in its brief that it seeks to shield **WITHIN FOURTEEN DAYS OF THE DATE OF THIS ORDER**. If no such motion to seal is filed within this time frame, Plaintiff shall publicly file an unredacted copy of its brief. Plaintiff is cautioned that any forthcoming motions to seal must fully meet the standards set forth by the Sixth Circuit and should be narrowly tailored, as the sealing of documents must be no broader than necessary. *See Shane Grp., Inc.*, 825 F.3d at 305.

Finally, Plaintiff's request to file under seal employment agreements between Defendants and MRO (Exhibits 29–34); overlapping invoices (Exhibits 28, 35–54, 55–75, 105, 76–95, 96–99, 100–104; 140–141); and defendant depositions (Exhibits 106–113, 115, 117) is **DENIED**. Plaintiff is, however, **ORDERED** to notify Defendants, MRO, and any other interested party of its intent to file these documents by providing them with a copy of its Motion to Seal (ECF No. 109, 111) and this Order **WITHIN SEVEN DAYS OF THE DATE OF THIS ORDER**. Any notified parties will have **SEVEN DAYS AFTER RECEIVING NOTICE** to file a properly supported motion to seal the documents at issue. Any such motions must meet the *Shane Group* standard.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE